UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAJOR HARRIS, III

                    Petitioner,

vs.                                              Case No. 3:18-cv-1075-J-39JRK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.

_____

**<u>ORDER</u>**

**I.   INTRODUCTION**

Petitioner Major Harris, III, is challenging his state court (Flagler County) conviction for aggravated battery (firearm), aggravated assault (firearm), kidnapping (inflict bodily harm/terrorize victim) through a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 1).  Respondents filed a Response to Petition (Response) (Doc. 11).  Thereafter, Petitioner filed his Reply to Respondents' Response (Doc. 13).[1]

---

[1] Respondents filed a Notice of Filing Appendix (Doc. 12).  The Court will refer to the Exhibits in the Appendix as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.  Otherwise, the page number on the document will be referenced.  For the Petition, Response and Reply, the Court references the page numbers assigned by the electronic filing system.

## II.   EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017).  To be entitled to an evidentiary hearing, the petitioner must allege "facts that, if true, would entitle him to relief." Martin v. United States, No. 18-12643, 2020 WL 543343, at *5 (11th Cir. Feb. 4, 2020) (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)).  See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).

If the allegations are contradicted by the record, patently frivolous, or based upon unsupported generalizations, the court is not required to conduct an evidentiary hearing.  Martin, 2020 WL 543343, at *5 (quotation and citation omitted).  In this case, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, the Court can

"adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief. Therefore, the Court finds Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### III.  PETITION

Petitioner presents five grounds for habeas relief: (1) the ineffective assistance of counsel for failure to adequately investigate and/or present a defense and/or otherwise subject the state's case to meaningful adversarial testing; (2) the ineffective assistance of counsel for failure to argue and/or object to the convictions and sentences for aggravated assault and kidnapping as being in violation of double jeopardy; (3) the ineffective assistance of counsel for failure to move for judgment of acquittal and/or for directed verdict based on inadequate evidence to support the conviction for kidnapping; (4) the trial court erred by failing to grant Petitioner's motion for mistrial based upon cumulative error; and (5) the ineffective assistance of counsel for denying Petitioner his right to testify. Petition at 4, 9, 11, 15, 19.

3

## IV.  HABEAS REVIEW

In this case, Petitioner claims he is detained "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus and "prescribes a deferential framework for evaluating issues previously decided in state court[,]" Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted), limiting a federal court's authority to award habeas relief.  See 28 U.S.C. § 2254; Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").  Recently, the Eleventh Circuit opined:

> [federal courts] are prohibited from granting a state prisoner's habeas corpus petition unless the relevant state court decision on the merits of the petitioner's claim 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'

James v. Warden, Holman Correctional Facility, 957 F.3d 1184, 1190 (11th Cir. 2020) (quoting 28 U.S.C. § 2254(d)(1)-(2)).

The Eleventh Circuit explained the analysis which must take place pursuant to AEDPA:

> A decision is "contrary to" clearly established federal law if the state court applied a rule that contradicts governing Supreme Court precedent, or if it reached a different conclusion than the Supreme Court did in a case involving materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if the court identifies the correct legal principle but applies it unreasonably to the facts before it. Id. "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 167 L.Ed.2d 836 (2007).

James, 957 F.3d at 1190-91.

A state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a

5

pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014).  Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference."  Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)).  Thus, this Court may not supersede a trial court's determination simply because reasonable minds may disagree about the finding.  Id. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning."  Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## V.   INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's claims of ineffective assistance of counsel "are governed by the familiar two-part Strickland[v. Washington, 466 U.S. 668 (1984)] standard."  Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020).  In order for Petitioner to prevail on a claim of ineffective assistance of trial counsel, he

must satisfy the two-pronged <u>Strickland</u> test, requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). <u>Id</u>. (quotation and citation omitted). <u>See</u> <u>Brewster v. Hetzel</u>, 913 F.3d 1042, 1051-52 (11th Cir. 2019) (reviewing court may begin with either component).

## VI.  GROUND ONE

> GROUND ONE: the ineffective assistance of counsel for failure to adequately investigate and/or present a defense and/or otherwise subject the state's case to meaningful adversarial testing.

In a nutshell, Petitioner complains that "counsel made no pre-trial motions to dismiss and/or suppress; failed to discuss any possible trial tactics or strategies with Harris; made no opening statements at trial; made no motions for judgment of acquittal; and relied only on the State's version of events." Petition at 5.  Upon review of the state court record, Petitioner exhausted this claim of ineffective assistance of counsel by raising it in his Rule 3.850 motion. Ex. I-1 at 5-13.  The trial court, referencing the <u>Strickland</u> standard, Ex. I-1 at 60, noted this ground "presents factual issues relating to trial counsel's strategy" and determined Petitioner was entitled to an evidentiary

7

hearing. Id. at 61. The court conducted an evidentiary hearing. Ex. I-2. At the conclusion of the hearing, the court, ore tenus, announced its ruling that it was going to deny post-conviction relief as to this claim. Id. at 64. Finding counsel provided "a generous and excellent defense," the court concluded that counsel did not deviate from professional standards nor was he ineffective. Id. Noting that "every inconsistency" was brought to the jury's attention, the court said counsel gave Petitioner "a great defense." Id.

The court explained there were no suppressible issues; therefore, as there was not "a grantable motion of suppression[,]" counsel did not have a good faith basis to go forward with a motion to suppress. Id. at 64-65. The court further found it was Petitioner's decision not to testify,[2] "[a]nd if the question is

_____

[2] This claim, although not raised in the Rule 3.850 motion, was presented at the evidentiary hearing, vetted and addressed by the trial court. The trial court found "a full colloquy as to whether or not [Petitioner] was going to testify" took place. Ex. I-2 at 65. Upon a thorough review of the trial record, there is clear and convincing evidence that such a colloquy did not take place. After the trial on the counts for aggravated battery, aggravated assault, and kidnapping, the trial court did address other counts (possession of a firearm by a convicted felon, two counts of child abuse, and failure to register as a sexual offender) and iterated Petitioner's rights, including the right to remain silent. (Ex. B at 232-33, Ex. C at 20-21). There was, however, evidentiary support for the trial court's finding that it was Petitioner's ultimate decision not to testify at trial based on counsel's sound advice.

that his attorney advised him not to, with six, seven felonies, …,
"that advice was good advice[.]"  Id. at 65.  The court found the
decision not to give an opening statement was a strategic one, and
"a good strategy in a case like this" where counsel did not want
to be locked-in.  Id.  Further, the court found, based on a review
of the record, the state satisfied "every single element[;]"
therefore, the trial court could not have granted a motion for
judgment of acquittal, and it would have been a pointless and
meritless motion had counsel presented one.  Id. at 65-66.
Finally, the court found there was adequate cross-examination of
the victim.  Id. at 66.  Concluding there was no deficiency in the
level of professional services provided by counsel, the court found
Petitioner was not prejudiced "in any way."  Id.

     In its written order, the court reiterated its findings and
found defense counsel's testimony "to be reliable and credible."
Ex. I-1 at 128.  Since the state court made this credibility
determination after conducting an evidentiary hearing and
observing counsel's testimony, which "is the province and function
of the state courts," this Court will not re-address the state
court's determination as this Court has no license to do so.
Knight, 958 F.3d at 1044 (citing Consalvo v. Sec'y for Dep't of
Corr., 664 F.3d 842, 845 (11th Cir. 2011)).  Indeed, this Court
must defer to the state court's findings of fact, 28 U.S.C. § 2254

(e)(1), including applying deference to the trial court's credibility determination that resolves conflicting testimony. <u>Baldwin v. Johnson</u>, 152 F.3d 1304, 1316 (11th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1047 (1999).

Of note, the trial court also found defense counsel "has extensive experience as a public defender."[3] Ex. I-1 at 128.  It is quite significant that Petitioner had the benefit of experienced counsel:  "when courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger." <u>Cummings v. Sec'y for Dep't of Corr.</u>, 588 F.3d 1331, 1364 (11th Cir. 2009) (quoting <u>Chandler v. United States</u>, 218 F.3d 1305, 1316 (11th Cir. 2000)), <u>cert. denied</u>, 562 U.S. 872 (2010).  Here, defense counsel said his trial strategy was to attack the credibility of the victim. Ex. I-2 at 53.  The trial court recognized this was counsel's strategy, found counsel ably performed, and found neither deficient performance nor prejudice.  Ex. I-1 at 129.

As the state court reasonably determined the facts and reasonably applied federal law to those facts in rejecting the

---

3 The record shows the trial court appointed the Office of Criminal Conflict and Civil Regional Counsel for the Fifth District.  Ex. A.  Thereafter, Brett C. Kocijan, Assistant Regional Conflict Counsel, represented Petitioner.

claim of ineffective assistance of counsel,[4] Petitioner is not entitled to habeas relief.  The Fifth District Court of Appeal (5th DCA) per curiam affirmed the decision of the trial court. Ex. M.  The state court's ruling denying relief is entitled to AEDPA deference as its decision is not inconsistent with United States Supreme Court precedent, and the adjudication of this claim is not contrary to or an unreasonable application of United States Supreme Court law or based on an unreasonable determination of the facts.  Petitioner is not entitled to relief on his claim of ineffective assistance of counsel raised in ground one of the Petition.

---

4 There is one exception: the trial court's finding of fact that it performed a colloquy prior to Petitioner electing not to take the stand.  The record demonstrates that particular finding is in error as the colloquy did not take place.  However, the trial court's mistaken belief and finding that the colloquy took place is not dispositive.  At the evidentiary hearing, Petitioner testified he had a criminal record and his counsel advised him not to testify.  Ex. I-2 at 12, 26.  Mr. Kocijan testified he advised against Petitioner testifying because of Petitioner's criminal history, although he told Petitioner to prepare to take the stand. Id. at 52.  Mr. Kocijan testified he gave Petitioner his opinion and Petitioner decided not to take the stand.  Id. at 52-53. Importantly, the trial court found counsel's advice, advising Petitioner not to take the stand, with six to seven felonies, was great advice in a "he said she said case."  Id. at 65.  Mr. Kocijan also testified that he did not think it was in Petitioner's best interest to go to trial, id. at 53, but this expressed opinion did not deter Petitioner from making the decision to go to trial.  The court found more credible counsel's testimony that Petitioner decided not to take the stand based on counsel's "competent advice . . . due to Defendant's six or seven felony convictions."  Ex. I-1 at 129.

**VII.   GROUND TWO**

>        GROUND TWO: the ineffective assistance of
>        counsel for failure to argue and/or object to
>        the convictions and sentences for aggravated
>        assault and kidnapping as being in violation
>        of double jeopardy.

Petitioner exhausted this claim of ineffective assistance of

trial counsel in ground three of his postconviction motion.  Ex.

I-1 at 16-19.   After recognizing the <u>Strickland</u> two-pronged

standard of review, <u>id</u>. at 60, the trial court summarily rejected

this claim.  <u>Id</u>. at 61-62.  The court held:

>        In <u>Wilkens</u> the Fifth District Court of
>        Appeal held the Defendant's rights against
>        double jeopardy were not violated by his
>        conviction on counts of kidnapping and
>        aggravated assault, which were separate
>        offenses, each requiring proof of an element
>        that the other did not.  <u>Wilkins v. State</u>, 543
>        So. 2d 800 (Fla. 5th DCA 1989).  Similarly,
>        in this cause, the kidnapping and aggravated
>        assault offenses each contain different
>        elements, and both offenses were established
>        by sufficient and separate proofs at trial.

Ex. I-1 at 62.

The record shows the trial court charged the jury:

>        To prove the crime of aggravated assault,
>        the State must prove the following four
>        elements beyond a reasonable doubt:

>        The first three elements define assault.

>        1. Mr. Harris intentionally and
>        unlawfully threatened either by word or act to
>        do violence to Miss Powell.

12

       2.   At the time Mr. Harris appeared to have the ability to carry out that threat.

       3.   The act of Mr. Harris created in the mind of Miss Powell a well-founded fear that the violence was about to take place.

       4.   The assault was made with a deadly weapon.

Ex. B at 207.  The court then defined "deadly weapon."  Id.

The court also instructed:

       To prove the crime of kidnapping, the State must prove the following three elements beyond a reasonable doubt:

       1.   Mr. Harris forcibly or by threat confined or imprisoned Miss Powell against her will.

       2.   Mr. Harris had no lawful authority to do so.

       3.   Mr. Harris acted with intent to inflict bodily harm upon or to terrorize the victim or another person.

Id. at 209.

The Double Jeopardy Clause "provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'  U.S. Const., Amdt. 5."  United States v. Dixon, 509 U.S. 688, 695-96 (1993).  The Clause protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and it protects against multiple punishments for the same offense.  Garrett v.

United States, 471 U.S. 773, 777-78 (1985); Brown v. Ohio, 432 U.S. 161 (1977) (same).

Of import, in Wilkins, the 5th DCA found that "kidnapping and aggravated assault are separate offenses, each requiring proof of an element that the other does not." Wilkins, 543 So. 2d at 801. Upon review, Petitioner was not prosecuted for the same offense after acquittal, or prosecuted for the same offense after conviction, and he was not given multiple punishments for the same offenses, as both offenses were established by sufficient and separate proofs at trial. Therefore, there was no double jeopardy violation.

The trial court properly utilized the Strickland two-pronged standard when addressing the claim of ineffective assistance of trial counsel. The court concluded counsel was not ineffective for failing to make a non-meritorious objection or argument based on double jeopardy grounds.[5] Ex. I-1 at 61-62, 64. The 5th DCA affirmed. Ex. M.

---

5 The state, in its Response to Defendant's Motion for Post-Conviction Relief, argued the holding in James v. State, 386 So. 2d 890 (Fla. 1st DCA 1980) (per curiam) is distinguishable, noting the proof at trial was different from that in James (proof at trial shows James confined the victim by threatening the victim with a loaded shotgun, and aggravated assault constitutes a permissive lesser-included offense of kidnapping with a firearm where the information charging kidnapping contains all of the essential elements of aggravated assault). Ex. I-1 at 47-48. In James, 386 So. 2d at 891, both charges rested on identical elements of proof

In conclusion, the trial court rejected Petitioner's claim of ineffective assistance of counsel for failure to argue and/or object to the conviction and sentence for aggravated assault and kidnapping on double jeopardy grounds.  The record shows the 5th DCA affirmed.  Under Wilson, this Court assumes the 5th DCA adopted the reasoning of the trial court.  There has been no attempt to rebut this presumption.  After due consideration, the Court finds that state court did not unreasonably apply clearly established federal law, as determined by the United States Supreme Court.  Consequently, AEDPA deference is warranted.   Thus, the Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts.  Ground two is due to be denied as Petitioner is not entitled to habeas relief based on his claim of ineffective assistance of counsel raised in ground two.

## VIII.   GROUND THREE

> GROUND THREE: the ineffective assistance of counsel for failure to move for judgment of acquittal and/or for directed verdict based on

---

for conviction.  See Ortiz-Medina v. State, 126 So. 3d 1183 (4th DCA 2012) (per curiam) (proof for conviction required identical elements of proof).  In Petitioner's case, the state courts found otherwise, rejecting Petitioner's argument that the proof was identical for these two counts and denying Petitioner's claim of ineffective assistance of counsel for failure to raise a double jeopardy claim.

> inadequate evidence to support the conviction
> for kidnapping.

Petitioner exhausted this claim of ineffective assistance of counsel by raising it in ground five of his Rule 3.850 motion. Ex. I-1 at 27-31. The 5th DCA affirmed per curiam. Ex. M.

As noted previously, the trial court utilized the two-pronged Strickland test when addressing Petitioner's claims of ineffective assistance of counsel. Of import, the trial court found the record demonstrated that Petitioner's actions "went well beyond 'merely restraining' the victim in this case." Ex. I-1 at 63. The court recognized that the victim testified to a very long ordeal, which continued through the night and ended the next day. Id. The court found this was not a case appropriate for a motion for a judgment of acquittal. Id. at 64.

The decision not to move for a judgment of acquittal and/or a directed verdict was not so patently unreasonable that no competent attorney would have made that decision. Furthermore, the representation by defense counsel was not so filled with serious errors that defense counsel was not functioning as counsel guaranteed by the Sixth Amendment.

The Court is not convinced defense counsel's performance fell below an objective standard of reasonableness. Indeed, counsel's actions were well within the scope of permissible performance.

16

The standard is reasonable performance, not perfection.  Brewster, 913 F.3d at 1056 (citation omitted).  In addition, Petitioner has failed to show resulting prejudice, the second prong of the Strickland standard.  There is no reasonable probability that the outcome of the case would have been different if trial counsel had taken the action suggested by Petitioner of moving for judgment of acquittal and/or directed verdict on the kidnapping count.

The state court's determination is consistent with federal precedent.  The Court concludes AEDPA deference is warranted. Thus, the Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts.  As such, this claim is due to be denied.

### IX.  GROUND FOUR

> GROUND FOUR:  the trial court erred by failing
> to grant Petitioner's motion for mistrial
> based upon cumulative error.

Petitioner exhausted this claim of trial court error by raising it on direct appeal.  Ex. D.  The 5th DCA per curiam affirmed.  Ex. G.  The mandate issued on March 7, 2014.  Ex. H.

The record shows two instances during the trial in which trial counsel objected and moved for mistrial based on statements made by the victim, Lakisha Powell.  When Ms. Powell was on the stand, she testified that Petitioner said, "[y]ou're going to have me

17

locked up, and this is a PBL.  He kept saying PBL."[6]  Ex. B at 48.
Defense counsel objected and moved for a mistrial.  Id. at 48-49.
The trial court denied the motion for mistrial.  Id. at 50.  The
trial court admonished the witness not to mention anything about
Petitioner being in trouble before or having been convicted of any
crimes or having committed any crimes, unless the court gives Ms.
Powell permission to do so.  Id.

Later in her testimony, Ms. Powell mentioned that Brandon,
her sister's boyfriend, had been incarcerated with Petitioner.
Id. at 62.  Again, defense counsel objected.  Id.  He renewed his
motion for mistrial, asserting this was substantially prejudicial
to the defendant.  Id.  The court denied the motion but offered
to give a curative instruction.  Id. at 64.  Defense counsel
rejected the offer of a curative instruction.  Id.  The court once
again admonished the witness to be careful and not speak of the
defendant being in trouble before.  Id.

Petitioner raised the claim of trial court error on direct
appeal, but it is not a claim of federal constitutional dimension.
See Response at 12-13.  Thus, Respondents ask the Court to dismiss
the claim with prejudice.  Id. at 13.

---

6 Punishable by life (PBL).

In order to prevail, Petitioner must show he is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Only in cases of federal constitutional error will a federal writ of habeas corpus be available. Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993). As habeas relief does not lie for errors of state law, Petitioner is not entitled to relief on ground four. There has been no breach of a federal constitutional mandate; therefore, this Court is bound by the Florida court's interpretation of its own laws. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).

Since ground four (the trial court erred in denying two motions for mistrial) presents an issue that is not cognizable in this habeas proceeding, there is no basis for federal habeas relief and ground four is due to be denied. "Federal habeas relief is available to correct only constitutional injury." Gillett v. Crews, No. 3:12cv445/LC/CJK, 2014 WL 3720955, at *6 (N.D. Fla. July 28, 2014) (citing Swarthout v. Cooke, 562 U.S. 216, 219 (2011)) (other citations omitted). As such, ground four is due to be denied.

## X.   GROUND FIVE

> GROUND FIVE: the ineffective assistance of
> counsel for denying Petitioner his right to
> testify.

19

Although Petitioner did not raise this claim in his Rule 3.850 motion, he did present the claim at the post-conviction evidentiary hearing.  The trial court vetted the claim and addressed it. Petitioner appealed the denial of the motion but failed to address this claim in the appeal and reply briefs.  Since he received an evidentiary hearing, he was required to brief the matter.  Rule 9.141(b)(3)(C) (Grant or Denial of Motion after an Evidentiary Hearing was Held on 1 or More Claims), Fla. R. App. P.  Thus, his claim was not sufficiently presented for review.  Marshall v. State, 854 So. 2d 1235, 1252 (Fla. 2003) (per curiam).  Notably, Rule 9.141(b)(2) (Summary Grant or Denial of All Claims Raised in a Motion Without Evidentiary Hearing), Fla. R. App. P., requiring no briefing, "applies *only* when the trial court holds no evidentiary hearing at all." Cuomo v. State, 257 So. 3d 584 (Fla. 1st DCA 2018) (footnote omitted).

Here, Petitioner failed to fairly present the issue to the state's highest court.  Picard v. Connor, 404 U.S. 270, 275 (1971). Therefore, Petitioner failed to invoke one complete round of the state's established appellate review process by failing to include this ground in his appellate briefs before the 5th DCA after receiving an evidentiary hearing in the state court.  As such, ground five is procedurally defaulted.

20

Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of ground five.  Accordingly, the Court finds ground five is procedurally barred in federal habeas.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

2.  This action is **DISMISSED WITH PREJUDICE.**

3.  The **Clerk** shall enter judgment accordingly and close this case.

4.  If Petitioner appeals the denial of his Petition for Writ of Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability.** [7]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of October, 2020.


_____
BRIAN J. DAVIS
United States District Judge




sa 9/25
c:
Major Harris, III
Counsel of Record

22